# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE PATTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1127 RWS |
| | ) | |
| WARREN COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of George Patten, an inmate at Warren County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.33. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $16.67, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.33, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that he is being wrongfully detained in violation of his constitutional right to due process. Named as defendants are Warren County Jail, Kim Symes (Court Officer, Warren County Jail), Anthony Barber (Lieutenant), Wesley Dalton (Associate Circuit Judge), Michael Wright (Prosecutor), and Richard Schiebe. Plaintiff seeks monetary and injunctive relief as well as an order that he be released from confinement.

Plaintiff alleges that he was processed into Warren County Jail on November 28, 2006. Plaintiff claims that soon after he arrived at the Jail, defendant Symes approached him and asked him to sign extradition papers, which he refused to do. Plaintiff says that he was not brought before a judge until late April. Plaintiff argues

that defendants were required to process his extradition within 90 days and that he is now entitled to be released from prison.

## Discussion

To the extent that plaintiff is attacking the fact of his confinement, his claim is not cognizable under 42 U.S.C. § 1983 but must be brought by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after properly exhausting available state remedies. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case Warren County, Missouri. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Warren County or its officials was responsible

for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim against defendants in their official capacities or Warren County, and the complaint should be dismissed.  28 U.S.C. § 1915(e)(2)(B).

Additionally, defendants Dalton and Wright are immune from suit.  E.g., Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity).  Consequently, the complaint should be dismissed as to these defendants under 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, the complaint fails to state a claim upon which relief can be granted against defendant Schiebe because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  As a result, this action shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.33 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 26th day of June, 2007.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE